**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000208
30-SEP-2020
08:07 AM**

NO. CAAP-19-0000208

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ST, Plaintiff-Appellee, v.
KT, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 16-1-0816)

MEMORANDUM OPINION
(By: Leonard, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

This appeal arises out of divorce proceedings between Defendant-Appellant KT (**Wife**) and Plaintiff-Appellee ST (**Husband**).  Wife appeals from the "Decree Granting Divorce and Awarding Child Custody" (**Divorce Decree**), entered on March 13, 2019, by the Family Court of the First Circuit (**Family Court**).[1/] Wife also challenges the Family Court's:  (1) September 27, 2018 "Order Re Defendant's Motion To Continue Trial And All Trial Related Dates" (**Order Re Motion to Continue**); (2) October 23, 2018 Order Re Defendant's Motion To Compel Discovery And/Or For Sanctions" (**Order Re Motion to Compel**); (3) October 23, 2018 Order Denying Defendant's Motion To Add Additional Witness" (**Order Re Motion for Additional Witness**); (4) December 17, 2018 "Decision and Order"; and (5) February 5, 2019 "Order Denying Defendant's Motion for Reconsideration of Decision and Order Filed 12/17/2018" (**Order Re Motion for Reconsideration**).[2/]

---

[1/]    The Honorable Kevin T. Morikone presided.

[2/]    The Honorable Jessi L.K. Hall issued the Order Re Motion to Continue, the Order Re Motion to Compel, and the Order Re Motion for Additional Witness.  The Honorable Kevin T. Morikone issued the Decision and Order and the Order Re Motion for Reconsideration.

Wife raises five points of error on appeal, arguing that the Family court erred in: (1) denying Wife's request for an award of attorney's fees and costs in connection with her pretrial motion to compel discovery; (2) finding that valid and relevant considerations (**VARCs**) existed to justify excluding Husband's premarital student loan debt in the court's property chart and property division, and not charging Husband for his student loan debt that was paid during the marriage; (3) crediting Wife's unpaid debt for attorney's fees and costs as an asset to her on the court's property chart and property division, instead of debiting it as a liability to Wife; (4) setting a payment schedule for Husband's payment of his property division debt owed and awarded to Wife; and (5) failing to make any orders concerning Wife's claim for certain reimbursements owed by Husband.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Wife's contentions as follows.

## I.  Background

Husband and Wife were married on February 24, 2007, and are the legal parents of two minor children.  Husband and Wife were married for approximately 106 months (9 years) before physical separation.  On June 21, 2016, Husband filed his Complaint for Divorce against Wife, stating that the marriage was irretrievably broken.

On November 5 and 8, 2018, the divorce proceeding came on for trial.  Husband and Wife testified on the issues of alimony, child support, marital waste, and property division.  On December 17, 2018, the Family Court entered the Decision and Order, which provided as follows:  (1) the divorce was effective as of the date of the filing of the Divorce Decree; (2) the Family Court incorporated the terms of the Stipulated Order Re: Custody, Timesharing and other Trial Issues, filed December 4, 2018; (3) no alimony was awarded to Wife; (4) the parties' property was be divided as provided in the Property Division

2

Chart (**PDC**) attached to the Decision and Order; (5) Husband's category 1 claims were denied and his bank accounts and Ford Explorer were not included in the PDC; (6) Wife's category 1 claim was denied and the amount paid toward Husband's student loans during the marriage was not included in the PDC; (7) Wife's wasting claims were granted, Husband's wasting claims were denied; (8) Husband's military pension was divided pursuant to applicable law; (9) all attorneys' fees and costs were to be equally split between Husband and Wife; (10) based on the PDC, Husband was to pay Wife a property equalization payment in the total amount of $33,738.11, to be paid by Husband in four installments over two years; (10) each party was awarded his or her own personal effects, clothing, and jewelry, as well as household furniture, furnishings, and effects in his or her possession; (11) Wife was to have the option to retain her married name or resume her former maiden name; and (12) the court granted the divorce, and a Divorce Decree was to be submitted to the court for approval.

On December 27, 2018, Wife timely filed her motion for reconsideration of the Decision and Order (**Motion for Reconsideration**). The Family Court denied the Motion for Reconsideration in its entirety on February 5, 2019. The Family Court entered the Divorce Decree on March 13, 2019, and its Findings of Facts and Conclusions of Law (**FOFs/COLs**) on May 20, 2019. This appeal followed.

## II. Discussion

### A. Wife's Request for Attorney's Fees and Costs

Wife contends that the Family Court erred in denying her request for an award of attorney's fees and costs in connection with her pretrial motion to compel discovery and/or for sanctions (**Motion to Compel**).

On October 12, 2018, Wife filed the Motion to Compel, which sought an order compelling Husband to produce statements and online printouts of all account activity for an American Express card that he held (**Amex account statements**). The Motion to Compel also sought a variety of sanctions against Husband, including orders: (1) establishing that all of Husband's

3

expenditures on the card be deemed marital waste and be charged to Husband in the property division; (2) establishing that Husband not be permitted to oppose Wife's claims for marital waste; (3) awarding Wife her reasonable attorney's fees and costs relating to the Motion to Compel and a separately filed motion to continue trial;[3/] (4) holding Husband in summary criminal contempt for allegedly providing false information to the court; (5) holding Husband in civil contempt; and (6) continuing trial or adding an additional trial date.[4/]

It appears that Husband produced all or nearly all of the requested Amex account statements to Wife on October 22, 2018. On October 23, 2018, the Family Court held a hearing on Wife's Motion to Compel, as well as her pending Motion for Additional Witness. After hearing both sides, the court denied the Motion for Additional Witness, and granted in part and denied in part the Motion to Compel, stating:

> With regards to [Wife's] motion to compel discovery, the court's gonna grant in part and deny in part. The court's gonna deny the contempt sanctions and at this point, getting any American Express statements, you guys are too close to trial. It would have been better if they were subpoenaed originally and then there would have been no doubts.
>
> But what's going to happen is [Husband] is not permitted to use the American Express statements to show that waste did not occur.
>
> In order for him to show that waste did not occur, he will have to try to use other evidence that has already been presented if it was requested through discovery. Otherwise, [Wife] will be permitted to state that those funds were wasted and try to prove the same.
>
> With regards to continuing or adding on time for trial, that's going to be denied.
>
> And based on the court's ruling over the two motions, the court's going to deny attorneys' fees by both —- requests by both sides as they cancel each other out at this point.

On the same date, and consistent with the court's oral

---

[3/] On September 26, 2018, Wife filed a motion to continue trial and all trial-related dates (**Motion to Continue**), based in part on Husband's "incomplete production of documents[.]" Following a hearing on September 27, 2018, the Family Court denied the Motion to Continue and ordered Husband to produce certain documents that are not at issue in this appeal.

[4/] Wife filed a separate motion to add an additional witness at trial (**Motion for Additional Witness**) on the same date as the Motion to Compel.

ruling, the Family Court entered the Order Re Motion to Compel. The Family Court further explained its decision in its "Findings of Fact and Conclusions of Law Re: Defendant's Motion to Continue Trial and All Trial Related Dates Filed September 26, 2018, Defendant's Motion to Compel Discovery and/or for Sanctions Filed October 12, 2018, and Motion to Add Additional Witness Filed October 12, 2018," entered on May 31, 2019.

On appeal, Wife does not challenge any of the May 31, 2019 findings of fact or conclusions of law. The findings are therefore binding on appeal and support the court's conclusions of law, which largely mirror the court's conclusions as stated in its October 23, 2018 oral ruling and written orders. See State v. Rapozo, 123 Hawaiʻi 329, 334 n.4, 235 P.3d 325, 330 n.4 (2010) (citing Kelly v. 1250 Oceanside Partners, 111 Hawaiʻi 205, 227, 140 P.3d 985, 1007 (2006)).

Moreover, on this record, we cannot conclude that the Family Court abused its discretion in denying Wife's request for an award of attorney's fees and costs. In ruling on the Motion to Compel, the court noted that the motion was filed late in the pretrial process – "too close to trial" – and, in fact, the court declined to order Husband to produce any of the requested Amex account statements.[5/] Instead, the court imposed a sanction that it considered appropriate under the circumstances – an order precluding Husband from using his Amex Account statements at trial to show that he did not commit marital waste. Having granted in part and denied in part the Motion to Compel, and having denied Wife's related Motion to Continue, the Family Court denied the parties' competing requests for attorney's fees, as "they cancel[ed] each other out." We conclude that, under these circumstances, the denial of Wife's request for attorney's fees and costs was well within the Family Court's discretion. See Weinberg v. Dickson-Weinberg, 123 Hawaiʻi 68, 71, 229 P.3d 1133, 1136 (2010) ("The imposition of a sanction is generally within

---

[5/] At the hearing on the Motion to Compel, Wife argued: "[O]f course the first thing is to order him to produce the statements. Well, it seems like he's produced most of it, but we're still asking the court that he be ordered to produce his September 2018 statement because that was not included in what was provided last evening."

the discretion of the trial court." (quoting <u>Ek v. Boggs</u>, 102 Hawaiʻi 289, 299, 75 P.3d 1180, 1190 (2003))).

Wife argues that the Family Court disregarded Hawaiʻi Family Court Rules (**HFCR**) Rule 37(a)(4)(A)[6/] in denying Wife's request for attorney's fees and costs. However, under HFCR Rule 37(a)(4)(A), the family court need not award the moving party reasonable expenses incurred in making a motion to compel, where the court finds, *inter alia*, that such an award is "unjust." In addition, HFCR Rule 37(a)(4)(C) provides that if a motion to compel is granted in part and denied in part, the court "may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."

Here, the Family Court's denial of the parties' competing fee requests, based on the circumstances previously stated, resolved the requests in a just manner. On this record, we cannot conclude that the Family Court disregarded HFCR Rule 37(a)(4) or otherwise abused its discretion in making this decision.

**B.    Husband's Student Loan Debt**

Wife contends that the Family Court erred in finding that VARCs existed to justify excluding Husband's premarital student loan debt in the court's PDC and property division, and in not charging Husband for $68,770 of his student loan debt that was paid during the marriage. In connection with this point of error, Wife challenges FOF Nos. 53, 56, and 58, and COL Nos. 22, 23, and 24.

---

[6/]    HFCR Rule 37(a)(4)(A) provides:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

At trial, Husband testified that he attended the University of California at Los Angeles (UCLA) for four and a half years, earning a bachelor's degree in psychology in 2004. To pay for his education, Husband obtained an ROTC scholarship that covered tuition, books and educational expenses. Husband stated that it was necessary to obtain student loans to pay for his day-to-day expenses such as room and board, food and car payments. Husband further testified that his student loan debt on the date of marriage was $111,000.

FOF Nos. 53 through 59 relate to Husband's student loan debt. The Family Court found the following:

> 53. The Court does not find credible evidence as to amounts paid towards Husband's student loans during the marriage.
>
> 54. Wife claimed that a total of $68,779.00 was paid towards Husband's student loan debt during the marriage.
>
> 55. The Court received credible evidence that both parties benefitted from Husband's employment.
>
> 56. Husband obtained said employment as a result of the student loan debts that he incurred.
>
> 57. Thus, although there were payments made towards Husband's student loans during the marriage, both parties benefitted from the same in that Wife was able to engage in her photography business and was not required to work on a full-time basis.
>
> 58. As a result, the Court denies Wife's request to include the claimed amount, $68,779.00 in the PDC. Notwithstanding, the Court included the line item "Navient Student Loan, Payoff During Marriage" as an item in "PART C" of the PDC.
>
> 59. Further, Husband will be responsible for all of his unpaid student loans after the divorce.

Findings of fact are reviewed under the clearly erroneous standard and will not be overruled unless "(1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake had been made. 'Substantial evidence' is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." LC v. MG, 143 Hawaiʻi 302, 310, 430 P.3d 400, 408 (2018) (quoting Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006)).

7

Wife contends that FOF No. 53 is clearly erroneous because Husband testified at trial that $68,770 of his $111,000 student loan debt was paid off during the parties' marriage, and there was no credibility issue because Husband freely admitted these facts during his testimony. The record supports Wife's contention. Indeed, on appeal, Husband confirms that he admitted these facts at trial, and argues only that the Family Court was correct in ruling, based on VARCs, that it would be fair and equitable to exclude Husband's student loan debt amount as a negative capital contribution on Husband's part. Given that Husband admitted that $68,770 of his student loan debt was paid during the parties' marriage, the record lacks substantial evidence to support FOF No. 53, and we conclude that it is clearly erroneous. We address below the Family Court's conclusions of law excluding Husband's student loan debt from the court's PDC.

Wife next asserts that FOF No. 56 is clearly erroneous because "[t]here was no testimony that Husband obtained his employment as a military service member as a result of the student loans that he incurred." However, the record contains substantial evidence that Husband used his student loans to help pay living expenses while attending UCLA, and that he obtained his employment as a naval officer and aviator as a result of earning his UCLA degree. The record thus supports the Family Court's finding that Husband obtained his employment as a result of the student loan debts that he incurred, and we are not left with a definite and firm conviction that a mistake has been made. We therefore conclude that FOF No. 56 is not clearly erroneous.

Although Wife lists FOF No. 58 in her points of error, she states that she "does not particularly challenge this FOF 58, but points out that the Court's finding that [] the student loan payoff was included in Part C of the Court's PDC is meaningless," because the amount that the Court entered in Part C of the PDC was "0.00." Given the lack of argument on this issue, we disregard FOF No. 58 as a point of error. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7). To the extent Wife's observation concerns her challenge to COL Nos. 22, 23, and 24, we

address those COLs below.

COL Nos. 22, 23, and 24 provide as follows:

> 22. With regard to Wife's claim that Husband should be charged with $68,779.00 for payments made during the time of the marriage towards his student loans, the Court finds insufficient evidence to support said claim and in the alternative, finds that there are [VARCs] that justif[y] equitable deviation from Partnership Model Division.

> 23. As mentioned <u>supra</u>, the Court finds that, <u>inter alia</u>, both parties benefitted from Husband's employment; Husband obtained said employment as a result of the student loan debts he incurred; Wife was able to engage in her photography business and not required to work on a full-time basis; all of Husband's remaining student loan debt (approximately $42,221.00) has been allocated to him; Wife made no reasonable efforts to secure employment; notwithstanding her lack of efforts, Wife is living a comfortable life; Wife will receive $33,738.11 as an equalization payment as a result of the divorce; and considering the effects of the PDC which will leave Husband in the negative of over $-55,000.00 and Wife will receive assets totaling approximately $50,000.00.

> 24. "VARC[s] permit the family court to equitably deviate from the Partnership Model in dividing the parties' Marital Partnership Property." <u>Kakinami[v. Kakinami</u>, 127 Hawaiʻi 126,] 130 n.4, 276 P.3d [695,] 699 n.4 [(2012)]. As a result of such findings, the Court finds that it would be fair and equitable to exclude said amount as a negative capital contribution on the part of Husband.

Wife argues that COL No. 22 is wrong in part because both the amount of Husband's student loan debt of $111,000 on the date of marriage, and the $68,000 paid off during the marriage, were admitted by Husband at trial. As previously stated, the record supports Wife's contention. To the extent that COL No. 22 rejects Wife's claim based on "insufficient evidence" of the amount of Husband's student loan debt that was paid during the marriage, we conclude that: (1) COL No. 22 presents a mixed question of fact and law, and (2) that part of COL No. 22 is clearly erroneous.

COL No. 22 also states that VARCs justify equitable deviation from partnership model division. Wife argues that this part of COL No. 22 is wrong because the factors identified by the court in COL No. 23 "did not constitute actual or proper VARCs under Hawaii law[.]" Wife challenges COL Nos. 23 and 24 on the same basis.[7/]

---

[7/] In addition, Wife argues that COL No. 23 is wrong to the extent the court found that "the effects of the PDC . . . will leave Husband in the

(continued...)

In divorce proceedings, marital property is divided according to partnership principles, which distinguish between property brought into the marriage and property acquired during the marriage, and which assign category values based on these considerations. Gordon v. Gordon, 135 Hawaiʻi 340, 349, 350 P.3d 1008, 1017 (2015) (citing Tougas v. Tougas, 76 Hawaiʻi 19, 26, 868 P.2d 437, 444 (1994)). The partnership model requires the family court to: (1) find all facts necessary to properly categorize the property into one of five categories and assign the property the relevant net market values;[8] (2) identify any equitable considerations justifying deviation from an equal distribution between the parties; (3) decide whether there will be a deviation; and (4) decide the extent of any deviation. Gordon, 135 Hawaiʻi at 350, 350 P.3d at 1018 (citing and quoting Jackson, 84 Hawaiʻi at 332, 933 P.2d at 1367). A property division chart or similar document is "a valuable and important tool for the family court to properly divide property and afford transparency to the parties and reviewing court." See

---

[7] (...continued)
negative of over $-55,000.00 and Wife will receive assets totaling approximately $50,000.00."

[8]     In Gordon, the Hawaiʻi Supreme Court explained that the categories consist of:

> Category 1 includes the net market value of property separately owned by a spouse on the date of marriage;
>
> Category 2 includes the increase in the net market value of Category 1 property during the marriage;
>
> Category 3 includes the net market value of property separately acquired by gift or inheritance during the marriage;
>
> Category 4 includes the increase in the net market value of Category 3 property during the marriage; and
>
> Category 5 includes the net market value of the remaining marital estate at the conclusion of the evidentiary part of the trial.

135 Hawaiʻi at 349, 350 P.3d at 1017 (footnotes omitted) (citing Tougas, 76 Hawaiʻi at 26, 868 P.2d at 444). "Each partner's individual contributions to the marriage, i.e., the values of Category 1 and Category 3, are to be repaid to the contributing spouse absent equitable considerations justifying a deviation." Id. (citing Tougas, 76 Hawaiʻi at 26, 868 P.2d at 444). "[T]he values of Category 2, Category 4, and Category 5 are awarded one-half to each spouse absent equitable considerations justifying deviation from a 50/50 distribution." Id. at 350, 350 P.3d at 1018 (citing Jackson v. Jackson, 84 Hawaiʻi 319, 332, 933 P.2d 1353, 1366 (App. 1997)).

Gordon, 135 Hawaiʻi at 351, 350 P.3d at 1019 (citing Higashi v. Higashi, 106 Hawaiʻi 228, 230, 103 P.3d 388, 390 (App. 2004)).

To determine whether equitable considerations justify a deviation from the partnership model, a family court must consider the following: "the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case." Id. at 352-53, 350 P.3d at 1020-21 (citing HRS § 580-47(a)(2006)); see also Hamilton v. Hamilton, 138 Hawaiʻi 185, 206, 378 P.3d 901, 922 (2016). "Other than relative circumstances of the parties when they entered into the marital partnership and possible exceptional situations, . . . HRS § 580–47(a) requires the family court to focus on the present and the future, not the past." Gordon, 135 Hawaiʻi at 353, 350 P.3d at 1021 (quoting Jackson, 84 Hawaiʻi at 333, 933 P.2d at 1367). "In other words, deviation from the partnership model should be based primarily on the current and future economic needs of the parties rather than on punishing one party for financial misconduct." Id.

Here, the Family Court concluded that VARCs justified equitable deviation from the partnership model division, i.e., the exclusion of the amount of Husband's student loan debt that was paid during the marriage from the court's PDC. In reaching this conclusion, the court identified the following VARCs: (1) both parties benefitted from Husband's employment, which he obtained as a result of his student loan debt; (2) Wife was able to engage in her photography business and was not required to work on a full-time basis; (3) all of Husband's remaining student loan debt (approximately $42,221.00) has been allocated to him; (4) Wife made no reasonable efforts to secure employment after the separation,[9] but is living a comfortable life; (5) Wife will receive $33,738.11 as an equalization payment as a result of the divorce; and (6) the court's property division "will leave

_____

[9] This VARC appears to be based on FOF No. 46, which Wife does not dispute, and which states: "The Court finds that Wife failed to make reasonable efforts to obtain employment after the separation." (Emphasis added.)

Husband in the negative of over $-55,000.00 and Wife will receive assets totaling approximately $50,000.00."

Wife argues that these six factors improperly focus on the parties' past and their relative conduct during the marriage. And we recognize that divorce "is not a vehicle by which one spouse is compensated for having given more than he or she received during the marriage[.]" Gordon, 135 Hawaiʻi at 353, 350 P.3d at 1021 (quoting Hatayama v. Hatayama, 9 Haw. App. 1, 11-12, 818 P.2d 227, 282 (1991)).

Considering these six factors in context, however, we conclude that they focus primarily on the condition in which each party will be left by the divorce and, in particular, the disparity between Husband and Wife's post-divorce assets and liabilities. Indeed, the sixth factor recognizes a $105,000.00 disparity in post-divorce assets. In Selvage v. Moire, the supreme court stated that "[t]he vast disparity in the parties' circumstances after the divorce, and the limited assets with which [one party] will be left, constitutes an equitable consideration justifying deviation" from the partnership model. 139 Hawaiʻi 499, 511, 394 P.3d 729, 741 (2017). Here, the Family Court properly considered Husband and Wife's financial circumstances after the divorce in deciding that deviation from the partnership model was appropriate.

Nevertheless, we are unable to discern from the Family Court's findings and our review of the record how the Family Court calculated the $105,000.00 post-divorce asset disparity between Husband and Wife. Without further findings or explanation from the Family Court, we cannot determine whether the asserted disparity is supported by substantial evidence. Thus, without more, the Family Court erred in relying on this disparity as a VARC to justify the exclusion of Husband's student loan debt that was paid during the marriage from the court's PDC.

## C.   Wife's Unpaid Attorney's Fees and Costs

Wife contends that the Family Court erred in crediting her unpaid debt of $14,961.00 for attorney's fees and costs as an asset to her on the court's PDC, instead of debiting it as a liability to Wife.

In its Decision and Order, the Family Court granted "Wife's request to equally split all attorneys' fees and costs and thus, items '11.09', through and including '11.11' are included in the PDC." This ruling was carried over into the Divorce Decree, which stated that "[t]he attorney's fees have been allocated in the PDC." Specifically, "Part A" of the PDC sets out Wife's unpaid attorney's fees of $14,961.00 on line 11.09, Wife's paid attorney's fees of $3,500.00 on line 11.10, and Husband's paid attorney's fees of $16,293.52 on line 11.11.

Upon review of the record, it appears that line 11.09 contains a typographical error in the "Wife" column, which shows Wife's unpaid attorney's fees in the amount of $14,961.00 as a positive number, i.e., an asset. It is undisputed that this amount should have been reflected as a liability. As a result of this error, the "Total . . . Partnership Property to Wife" set out in Part A of the PDC is correspondingly greater than it would otherwise be. This erroneous total is then carried over into the PDC's "Part B: Calculation of Equalization Payment," resulting in an incorrect calculation of the equalization payment to be made by Husband to Wife.

Wife also argues that COL No. 30 contradicts the Decision and Order, which grants Wife's request "to equally split all attorneys' fees and costs," as well as the PDC and the Divorce Decree, which reflect the same ruling. Specifically, COL No. 30 states: "The Court finds that in light of the attorneys' fees and costs incurred by each party, Husband - $16,293.52 and Wife - $18,461.30, it is fair and equitable that each party bear their own attorneys' fees and costs incurred in this matter."

The Family Court's conclusion that each party will bear their own attorney's fees and costs is inconsistent with: (1) the court's stated intention to equally split all attorneys' fees and costs, as reflected in the Decision and Order, the PDC, and the Divorce Decree; and (2) FOF No. 50, which references and attaches the Decision and Order and the PDC. We therefore conclude that COL No. 30, which presents a mixed question of fact and law, is clearly erroneous.

13

**D.    Payment Schedule for Husband's Equalization Payment**

Wife contends that the Circuit Court erred in setting a payment schedule for Husband's equalization payment owed to Wife.

In its Decision and Order, the Family Court ordered, in relevant part:

> Husband shall pay [W]ife a total of $33,738.11.  Said amount shall be paid as follows:
>
> a. $8,434.52 on or before June 30, 2019;
>
> b. $8,434.52 on or before December 31, 2019;
>
> c. $8,434.52 on or before June 30, 2020; and
>
> d. $8,434.55 on or before December 31, 2020.

Wife asks this court to set aside the payment schedule, and remand the matter to the Family Court with instructions that Wife's property division be entered nunc pro tunc to the date of divorce, that she be awarded prejudgment interest from that date, and that the entire amount owed be entered as a lump sum judgment against Husband.

Initially, we reject Husband's argument that Wife is barred from raising the payment-schedule issue on appeal.  In her Motion for Reconsideration of the Decision and Order, Wife argued that the Family Court "should reconsider its order for installment payments, and enter an order that the full amount of the equalization payment is due and owing from and after the [date of the completion of the evidentiary part of the trial], the date of the Court's Decision and Order, or the date of the parties' Divorce Decree, such that postjudgment interest will begin to run on the entire amount owing until it is paid." Because the Family Court ordered the payment schedule sua sponte after trial, Wife did not have an earlier opportunity to contest the schedule.  Her argument was therefore properly raised in her Motion for Reconsideration, and may be considered by this court. See Tagupa v. Tagupa, 108 Hawaiʻi 459, 465, 121 P.3d 924, 930 (App. 2005).

As to the merits of Wife's argument, HRS § 580-47 provides, in relevant part:

> (a) Upon granting a divorce, . . . the [family] court may make any further orders as shall appear just and equitable . . . (3) finally dividing and distributing the estate of the parties, real, personal, or mixed. . . .  In making these

14

further orders, the court shall take into consideration: the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, the concealment of or failure to disclose income or an asset, or violation of a restraining order issued under section 580-10(a) or (b), if any, by either party, and all other circumstances of the case.

Wife contends that the Family Court's discretion in determining the parties' property division does not extend to setting "an installment payment plan" for Husband's equalization payment. However, Wife provides no authority supporting her position, and HRS § 580-47 expressly grants the court authority to make any orders "as appear just and equitable" in "finally dividing and distributing" the parties' property.

Here, the Family Court concluded that "it [was] fair and equitable to allow Husband to pay the equalization payment ($33,738.11) in four installment payments." In fashioning this payment schedule, the court "t[ook] into consideration *inter alia*, the following factors: Husband's monthly child support obligation to wife ($3,000.00/month); Husband is being left to pay his remaining student loan debts; Husband's lack of liquidity following the divorce; and the lack of significant debts that Wife is responsible for following the divorce." These factors properly focused on Husband and Wife's financial circumstances after the divorce and the limited assets with which Husband was left. On this record, we conclude that the Family Court did not abuse its discretion in setting a payment schedule for Husband's equalization payment to Wife.

## E.   Wife's Reimbursement Claim

Wife contends that the Family Court erred in failing to make any orders regarding her claim for certain reimbursements allegedly owed by Husband. Specifically, at trial, Wife requested an order that Husband reimburse her for, among other things, half of the costs she paid for their son's therapy and a multiple-day school field trip **(Reimbursement Claim)**.[10] It appears that the Family Court did not decide whether Wife was

---

[10]   Wife testified at trial to therapy expenses totaling $2,470, and school field-trip costs totaling $350.

entitled to reimbursement for these expenses, as the Decision and Order and the subsequent Divorce Decree were both silent on this subject. In her December 27, 2018 Motion for Reconsideration of the Decision and Order, Wife noted that the Family Court had not ruled on Wife's Reimbursement Claim, and requested a ruling. The Family Court denied the motion without explanation, and the subsequent Divorce Decree did not address Wife's Reimbursement Claim.

In RC v. MC, this court ruled that "[t]he Family Court abused its discretion in denying without explanation Father's request for reimbursement of his Visa credit card debt and joint cell phone bill." No. CAAP-15-0000592, 2019 WL 338344, at *7 (Haw. App. 2019). There, the family court denied Father's request for reimbursement because "he retained all of his interest and any appreciation thereon on his condominium, which was the marital residence." Id. Father argued that "the property was worth less than his mortgage, and that the mortgage had been refinanced, in part, to pay off marital debt." Id. However, neither the divorce decree, the decision and order, nor the findings of fact and conclusions of law issued by the family court listed the property's mortgage or net market value of the mortgage. Id. As a result, this court was unable to "meaningfully review whether the Family Court correctly calculated its overall property division or the distribution of the overall marital estate." Id. Accordingly, we ruled that, without more, the family court abused its discretion when it denied Father's specific reimbursement requests. Id.

Here, the Family Court did not include the expenses that are the subject of Wife's Reimbursement Claim on the PDC, did not specifically address the claim in connection with the health care coverage and therapy sections of the Divorce Decree, and did not otherwise provide any explanation for denying Wife's Motion for Reconsideration as to her Reimbursement Claim. Without further findings or explanation from the Family Court, we are unable to meaningfully review the court's decision, if any, regarding Wife's Reimbursement Claim. Thus, without more, the Family Court abused its discretion when it failed to resolve

16

Wife's request for reimbursement of one-half of the costs she paid for their son's therapy and school field trip.

### III. Conclusion

For these reasons, we vacate: (1) that portion of Paragraph 10 of the Decision and Order denying "Wife's request to include the amount paid towards Husband's student loans during the marriage . . . in the PDC," as well as the related parts of the PDC, the Decision and Order, and the Divorce Decree; (2) FOF No. 53, and COL Nos. 22, 23, and 24; (3) that portion of Paragraph 13 of the Decision and Order awarding attorneys' fees and costs as set out in the PDC, as well as the related parts of the PDC, the Decision and Order, and the Divorce Decree; and (4) COL No. 30. We remand the case to the Family Court for: (1) determination of whether and to what extent it will exercise its discretion in deviating from the partnership model with respect to the payments made on Husband's student loan debt during the marriage, and to enter appropriate findings on the record; (2) determination of the award of attorneys' fees and costs; (3) determination of Wife's Reimbursement Claim; and (4) further proceedings consistent with this Memorandum Opinion. We affirm in all other respects.

DATED: Honolulu, Hawaiʻi, September 30, 2020.

On the briefs:

Steven J. Kim
(Law Office of Steven J. Kim)
for Defendant-Appellant.

Kendal A. Luke,
Gavin K. Doi, and
Grace U. Lee
(Doi/Luke, AAL, LLLC)
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge